AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/5/2025

UNITED STATES OF AMERICA

Case No. 1:23-cr-7

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

NASHAWN WELLS

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before           , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Nashawn Wells' application for compassionate release and its supporting materials, Dkt. No. 117 (the "Motion"), as well as the materials presented to the Court in connection with his sentencing. In doing so, the has Court interpreted them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

Mr. Wells has not met his burden to show extraordinary and compelling circumstances in support of his application for his compassionate release. Mr. Wells asserts that compassionate release is appropriate because his father, who was 41 years old when the presentence report for this case was prepared in 2023, suffers from health issues. Mr. Wells asserts that his father has heart failure and that he may be scheduled for surgery to install a pacemaker. Mr. Wells asserts

3

that given his father's health conditions "things might not go good and with my (1 ½ - 2 years) of imprisonment I might not make it home to have the last words with my dad."  Motion at 1.  Mr. Wells also asserts that compassionate release is appropriate because his child's mother is trying to taken him to court for full custody, which, together with other things, Mr. Wells asserts, is "stressing me out very much."  Id.

The Court appreciates Mr. Wells' concern for his father's health, but the situation that he describes does not justify his early release.  While the Court can find extraordinary and compelling circumstances in situations that are not described in the commentary to the sentencing guidelines, they provide a useful framework with which to analyze this request.  The policy statement in Section § 1B1.13 describes as a ground for compassionate release the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent."  Mr. Wells' father's condition is not described as incapacitating him.  More significantly, Mr. Wells does not assert that he is the only available caregiver for his father.  Instead, as the Motion indicates, the record shows that Mr. Wells was not in regular contact with his father prior to his incarceration; the presentence report disclosed that they had not spoken since 2022 and that Mr. Wells' father lived in a different city.  And while the Court empathizes with Mr. Wells' desire to be with his son, the separation of Mr. Wells from his child is not an extraordinary circumstance that would justify his early release.

Moreover, after evaluating the factors set forth in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Wells' sentence is appropriate at this time.  As the Court described at sentencing, Mr. Wells' offense was very serious.  Mr. Wells was involved in a robbery in which one of the robbers used a firearm.  Sentencing Transcript ("Tr."), Dkt. No. 106, at 21:6-15.  There is a substantial need for personal deterrence in this case because, among other things,

Mr. Wells had a prior conviction involving the use of a firearm, and Mr. Wells committed this offense while on probation for that other crime. Id. at 24:1-13. In evaluating the sentencing factors under 18 U.S.C. § 3553(a), the Court does not believe that early release is appropriate for Mr. Wells, for substantially the reasons that it articulated at sentencing. Mr. Wells' crime was very serious: a shorter term of imprisonment would not be a just punishment. Moreover, the Court continues to believe that a lesser sentence would not serve the goals of general and personal deterrence. The Court imposed a sentence that was substantially below the advisory guidelines range. As the Court concluded at sentencing, a lesser sentence is not appropriate. The facts presented by the defendant in his application do not alter the Court's evaluation of the 3553(a) factors as a whole. The Court does not believe that a reduction in the defendant's sentence is appropriate at this time.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Wells.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:
March 5, 2025

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE